GIDEON E. HUKILL, d. b. *vs.* JACOB STAATS, use, &c. p. b. d. in error.

In a proceeding against a constable under the act of 1833, for neglect of duty, the process should not be generally to answer the plaintiff's demand; but to show cause why execution should not issue against him for the amount of the original execution.

It ought also to show for what neglect of duty the proceeding is taken.

The judgment in such proceeding must be for the amount of the original execution and costs.

CERTIORARI to Justice Weldon.

Record. Jacob Staats, use of David Staats *vs.* Curtis Abbott. Venditioni exponas issued September 13th 1835, to constable Gideon

E. Hukill, returnable 31st October next.   Debt $26 75, costs $1 55.
Returned October 20th 1835, " property all sold and applied to prior
claims."

Jacob Staats, use of David Staats *vs.* Gideon E. Hukill.   Summons
issued 8th January 1838, to D. Hall, constable, commanding him " to
summon Gideon E. Hukill, late constable, for neglect of duty on exe-
cution process against Curtis Abbott, to be and appear on Saturday
the 13th of January, inst," at &c., before &c., " to answer to Jacob
Staats, for the use of David Staats, touching a cause of action where-
in $33 11 is demanded."   Returned " served personally, January
10, 1838."

ACTION for neglect of duty on execution process against Curtis
Abbott.   Demand $33 11.   Parties appear on 13th January ; and,
defendant not ready for trial, adjourned to 27th ; when, the parties
not appearing, cause continued until 10th February ; when the par-
ties appear, and, on trial, judgment for plaintiff for $23 72.   Execu-
tion issued.

The exceptions to the record were—1. That the cause of action
set forth was not within the magistrate's jurisdiction.   2. That the
original execution process against Curtis Abbot, was returned by the
said late constable with a legal and proper indorsement thereon.   3.
That the sum demanded in this action was a different and larger
amount than the sum mentioned in the original execution, or than was
due thereon.   4. That the process issued against the constable was
for an original cause of action, and not to show cause why an exe-
cution should not issue against him for the amount of the first ex-
ecution.   5. That the judgment entered by the justice in this cause,
was not for the amount of the first mentioned execution together with
the costs, but for a different sum.   6. That it no where appears that
the proceeding against the defendant below was for a false return on
the original execution process.

*Per Curiam :*

HARRINGTON, J.—The proceedings in this case are irregular.   They
are founded on the act of 6th February, 1833, but are not in confor-
mity with that act.   That act provides that, whenever an execu-
tion shall be delivered to a constable, if he shall not at the return day
produce the plaintiff's receipt for the money levied, or shall not make
such other return as may be sufficient in law, or shall make a false
return ; the justice shall, on request, issue a summons commanding
the said constable to appear and show cause why an execution should
not issue against him for the amount of the first execution ; and if he
shall fail or neglect to appear, or does not show sufficient cause why
the execution should not issue against him, then the justice shall give

judgment against him for the amount of the first mentioned execution, together with the costs.

The first error in this proceeding is, that the summons instead of being to appear and show cause why an execution should not issue for the amount of the original execution, being $26 75 and 1 55 costs, is a summons in the nature of an original cause of action to appear and answer the demand of the plaintiff to the amount of $33 11.

It does not sufficiently appear for what neglect of duty this proceeding was taken. It was not for neglecting to produce the plaintiff's receipt, for it was not pretended that the money was levied; neither was it for making a return which was insufficient in law; it must, therefore, have been for making a false return; yet that does not appear from the record, the statement being merely that it was for neglect of duty.

The judgment rendered in the case is not such as is warranted by the law. The neglect of duty which renders the constable liable for any thing, or the making a false return, renders him liable for the whole amount of the original execution, together with the costs; and this is the judgment which the act requires the justice to enter; yet the judgment in this case is for a different sum.

For these reasons the judgment and proceedings in this case must be reversed.

*Rodney,* for defendant below.

*W. H. Rogers,* for plaintiff below.

